

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Barbara J. Houser*

**United States Bankruptcy Judge**

**Signed February 19, 2013**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROLAND KIM BRUNSON & BRENDA | § | CASE NO. 11-32727-BJH-13 |
| CHARLENE BRUNSON, | § | |
| | § | |
| Debtors. | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER

Before the court are fifteen objections to proofs of unsecured claim filed by Roland Kim Brunson and Charlene Brunson (the "Debtors"). The district court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334, and this court has constitutional authority to finally determine the allowance or disallowance of claims against the estate pursuant to 28 U.S.C. § 157(a), (b)(1) and (b)(2)(B) and the Standing Order of Reference for the United States District Court for the Northern District of Texas. This court has personal jurisdiction over the parties and venue is proper pursuant to 28 U.S.C. § 1409. This Memorandum Opinion and Order contains the

Memorandum Opinion and Order

court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052 and 9014.

This case provides the court with the opportunity to re-examine and clarify its prior decision in *In re Armstrong*, 320 B.R. 97 (Bankr. N.D. Tex. 2005),[1] in light of another *In re Armstrong* opinion issued by Judge Ron Clark of the United States District Court for the Eastern District of Texas.   *See In re Armstrong,* No. 4-11-cv-772, 2012 WL 4355464 (E.D. Tex. Sept. 21, 2012).   In the Eastern District's *Armstrong* case, Judge Clark affirmed the decision of Judge Brenda T. Rhoades, Chief U.S. Bankruptcy Judge for the Eastern District of Texas, in *In re Davis*, No. 09-42865, 2011 WL 1302222 (Bankr. E.D. Tex. Mar. 31, 2011).   The two decisions from the Eastern District of Texas raise as their primary issues (1) whether a proof of claim may be disallowed as a claim against the estate where the only basis for an objection to that claim is a lack of written documentation supporting the claim, and (2) the propriety of the filing of blanket objections to unsecured proofs of claim on the ground that the proofs of claim lack sufficient documentation.   While the *N.D. Armstrong* decision arose in the plan confirmation context, it also discusses these two issues.

Some procedural background respecting the Eastern District of Texas' *Davis* and *Armstrong* decisions and the *N.D. Armstrong* decision will be helpful to an understanding of the court's legal analysis of the issues raised by the Debtors' claim objections here.

## I.   PROCEDURAL BACKGROUND OF THE *DAVIS* AND *ARMSTRONG* DECISIONS IN THE EASTERN DISTRICT OF TEXAS

Diane M. Davis ("Davis") filed a voluntary petition for relief under Chapter 13 in the Eastern District of Texas in 2009.   Her bankruptcy counsel was the firm of Armstrong Kellett Bartholow

---

[1]  The *Armstrong* decision from the Northern District of Texas will be referred to hereafter as the "*N.D. Armstrong*" decision or case.

P.C. (the "Armstrong Firm").    Davis successfully obtained confirmation of a Chapter 13 plan which, among other things, proposed to pay her unsecured creditors in full.    After confirmation, Davis objected to the claims of all of her unsecured creditors on the ground that the creditor "did not attach sufficient documents to account for the amount of the debt allegedly owed, to establish that the debt alleged is a legal obligation of Debtor, or that state the terms of the account or debt." *In re Davis*, 2011 WL 1302222 at *4.    Davis had listed the claims on Schedule F as being "disputed" and submitted affidavits in support of her claim objections which stated that she could not:

> determine that the amount stated on the claim is accurate because there are no ledgers or other accounting records attached to the proof of claim . . . [and] due to the lack of documentation provided by the claimant, she cannot verify the account, establish that the charges were made within the limitations period, or determine whether the claim was enforceable against her.

*Id.*

Several creditors responded to the claim objections, and Davis promptly withdrew her objections as to the claims of creditors who responded.    The *Davis* court noted that the Armstrong Firm had orally represented that it had withdrawn the objections because the creditors had provided it with sufficient documents to establish their claims, but the Armstrong Firm failed to present any evidence supporting this representation or establishing what documents had been provided to it.    *Id.* at *5.

On July 21, 2010, the bankruptcy court conducted a hearing on the remaining claim objections, and the Armstrong Firm appeared without the debtor.    The Armstrong Firm argued that it (i) did not need to conduct any investigation of its client's records prior to filing a claim objection, (ii) did not need to assert a substantive objection to a proof of claim, and (iii) had

complied with the *N.D. Armstrong* decision because the firm had withdrawn the claim objections

to the extent that the creditors responded.[2] At the July 21 hearing, Judge Rhoades raised her

concerns:

> The concern is that you objected to every single unsecured claim in this case. That
> every single unsecured claim [objection] which was responded to, the objection to
> the claim was withdrawn. The concern is that the debtor, in fact, has some liability
> and she doesn't deny she has liability. And you're asking this Court to disallow
> those claims based on the lack of documentation. And the debtor's only source for
> the objection is based on her review of the proof of claim, but her own knowledge
> of documents, statements sent to her. And it appears to the Court that you're
> playing games. . . It looks like you're trying to disallow claims for which the debtor
> has liability based on a narrow reading of a proof of claim only and not based on the
> debtor's own personal knowledge . . . including her obligation to properly file
> schedules in this case.

*Tr. July 21, 2010, 7:6-21 (E.D. Tex.).* The *Davis* court therefore scheduled a hearing to provide

Davis with the opportunity to present testimony regarding any substantive objections to the claims

she had, as well as to explain what investigation she did prior to filing each claim objection.

At the continued hearing on September 29, 2010, the Armstrong Firm appeared and

represented that Davis was in the courtroom, but did not offer her testimony and failed to

establish substantive grounds for disallowance of the claims. Instead, the Armstrong Firm filed

a brief and made legal arguments respecting the burden of proof under Fed. R. Bankr. P. 3001,

*see Davis*, 2011 WL 1302222 at *6; *see also* Doc. No. 65, Case No. 09-42865, and cited heavily

to the *N.D. Armstrong* decision. *In re Armstrong*, 320 B.R. 97. Following a brief legal

argument, the *Davis* court took the matter under advisement.

---

[2] In the *N.D. Armstrong* decision, the court stated "If the creditor supplies the documentation in response to the objection, the court would expect the debtor to withdraw his or her objection . . .[if] the debtor nevertheless pursues the objection, the court would consider the reasons for the debtor's continued prosecution of an objection to the claim . . . Once the documentation has been provided, if the debtor lacks any other basis for prosecuting an objection to the claim, the court may find that the debtor has acted in bad faith or, in appropriate circumstances, that the debtor's attorney is subject to sanctions." *N.D. Armstrong*, 470 B.R. at 108.

On March 31, 2011, Judge Rhoades issued her decision. *In re Davis*, No. 09-42865, 2011 WL 1302222 (Bankr. E.D. Tex. Mar. 31, 2011). As Judge Rhoades described the issues before her, she noted:

> This is a case about an affluent debtor who sought to manipulate bankruptcy procedures to accomplish what the Code prohibits – the elimination of all of her credit card debts despite her obvious ability to repay those debts over time. The debtor, Diane Davis, obtained confirmation of a plan in which she proposed to pay her credit card debts in full. The debtor subsequently objected to every claim filed by her creditors based on their alleged failure to attach sufficient documents to their proofs of claim. The debtor withdrew several objections after the creditors responded. The Court has before it the debtor's request for a default order sustaining the remaining objections.

*Davis,* 2011 WL 1302222 at *1. The *Davis* court ultimately overruled the objections to claims and vacated the order of confirmation of Davis's Chapter 13 plan, giving Davis thirty days to file an amended plan if she chose to, failing which the court would consider dismissal of the bankruptcy case. *See Davis,* at *4, *14-15. The *Davis* court also issued an order for the Armstrong Firm to appear and show cause (1) why it had not violated Bankruptcy Rule 9011(b), and (2) why sanctions should not be imposed on the Armstrong Firm under Bankruptcy Rule 9011, the court's inherent authority and 11 U.S.C. § 105. This show cause hearing was set for May 12, 2011.

In coming to its decision, the *Davis* court's analysis was as follows: the court may sustain an objection to a proof of claim only if the objection complies with § 502 of the Bankruptcy Code. Section 502(a) provides that a timely claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If a timely claim and an objection to that claim are filed, § 502(b) provides, with certain exceptions not applicable in *Davis*, that the bankruptcy court "*shall allow* such claim in such amount, *except* to the extent that" the claim falls within one of the enumerated types of claims – in other words, unless one of the grounds for disallowance provided by § 502(b)(1)–(9)

applies. 11 U.S.C. § 502(b) (emphasis added). This view is the so-called "exclusive" view of §

502 – *i.e.*, subsections (1)-(9) of § 502(b) are the exclusive grounds upon which a claim may be

disallowed. Although Bankruptcy Rule 3001 requires that certain documents be attached to a

proof of claim in order for it to obtain *prima facie* validity under Bankruptcy Rule 3001(f), the

*Davis* court (and those courts espousing the "exclusive" view) held that insufficient

documentation does not constitute a valid basis for disallowance. The *Davis* court also concluded

that where a proof of claim and its attachments provide sufficient information for the parties to

discern the general basis of the claim, the claim is cognizable and "*shall* be allowed." *See* 11

U.S.C. § 502 (emphasis added).[3] The *Davis* court found that the claims before it provided such

information, and thus it overruled the objections to claim because Davis' affidavits in support of

her objections conflicted with the statements in her Schedule F[4] and failed to address her personal

knowledge of the claims, so the claimants were not required to produce additional documents in

order to overcome Davis' objections.

At the May 12, 2011 show cause hearing, an attorney, Jay Gueck ("Gueck"), appeared on

behalf of the Armstrong Firm and provided a "Memorandum in Support of Armstrong Kellett

Bartholow P.C." (the "Memo"). In the Memo, Gueck argued that the actions taken by the

Armstrong Firm were justified by, among other things, the *N.D. Armstrong* decision. *See In re*

---

[3] The *Davis* court noted that the information which is sufficient for the parties to discern the general basis of a claim includes the information required by Bankruptcy Rule 3001 – *i.e.*, (1) the creditor's name and address, (2) the basis for the claim (*e.g.*, credit card debt), (3) the date the debt was incurred, (4) the amount of the claim, (5) the classification of the claim, and (6) supporting documents. The court also noted, however, that Bankruptcy Rule 3001 "is not inflexible," and a proof of claim need only substantially conform to Official Form 10. *Davis*, at *9. The *Davis* court held that in response to a non-substantive objection, such as failure to include sufficient documentation, "the Court should allow a claim so long as the claim contains sufficient information for an objecting party to discern its basis." *Davis*, at *10.

[4] In Schedule F, Davis stated that she was listing the balance owed to her creditors based on the last billing statements she received from them. In her affidavit, Davis stated that she did not have any independent documentation that established the amount owed, the correct name of the creditor, the method and amount of any fees, charges or interest accruing on the account." *Davis*, 2011 WL 1302222 at *11.

**Memorandum Opinion and Order** 6

*Armstrong,* 320 B.R. 97.   The *Davis* court heard the direct testimony of Gary Armstrong, Esq., and admitted various documentary exhibits into evidence.   At the conclusion of the hearing, the *Davis* court took the matter under advisement to issue a written ruling.

On September 30, 2011, the *Davis* court entered a Memorandum Opinion finding that the Armstrong Firm had violated Bankruptcy Rule 9011(b)(1) and (3), and ordered it to pay monetary sanctions of $500.00.   *See In re Davis,* No 09-42865 (Bankr. E.D. Tex. Sept. 30, 2011).   The *Davis* court stated:

> Counsel did not simply file an objection to a claim asserting lack of documentation as grounds for disallowance.   He filed a Schedule F in which he listed the entirety of all of the debtor's credit card debts as disputed, and he filed objections to every unsecured claim – all for credit card debts – exceeding a total of $150,000.   If he honestly believed the debtor's creditors could not collect their debts under Texas law, his client had no genuine need for bankruptcy protection.   It appeared to the Court he was arguing positions he knew to be false.   He put forward no evidence that the debtor had substantive objections arising under Texas law that would put the entirety of any of the claims in dispute.

*Davis,* No. 09-42865 at 7.   The Armstrong Firm appealed.

On September 21, 2012, Judge Ron Clark of the United States District Court for the Eastern District of Texas issued an opinion affirming the *Davis* court in all respects, concluding that Judge Rhoades "did not abuse her discretion in sanctioning debtor's counsel for attempting to abuse the bankruptcy process by discharging debts his client could not in good faith challenge." *In re Armstrong*, No. 4-11-cv-772, 2012 WL 4355464 at *1 (N.D. Tex. Sept. 21, 2012).

Because the *Davis* decision was fully affirmed, and because the Armstrong Firm had relied so heavily on the *N.D. Armstrong* decision to support its conduct, a re-examination of the *N.D. Armstrong* decision is appropriate.

## II. THE *N.D. ARMSTRONG* DECISION

In the *N.D. Armstrong* case, this court had before it eight bankruptcy cases[5] in which Thomas Powers, the Chapter 13 Trustee (the "Trustee"), objected to confirmation of the debtors' Chapter 13 plans, arguing that the debtors had not proposed their plans in good faith because each of the debtors had filed blanket objections to proofs of unsecured claims for "lack of documentation." *Armstrong*, 320 B.R. at 100. The *N.D. Armstrong* court considered three issues: (1) what is required for a credit card creditor's claim to be considered *prima facie* valid, and should claims that do not meet this standard be disallowed; (2) what documentation must be filed by the transferee of a credit card debt to establish its right to collect that debt; and (3) whether a debtor proposes his/her plan in good faith when the debtor files blanket objections to unsecured claims on the ground of insufficient documentation.

In the *N.D. Armstrong* decision, the court first noted that in order to be sufficient to establish the *prima facie* validity of the claim, a proof of claim must meet the requirements of Bankruptcy Rule 3001[6] and Official Form 10. The court further noted that:

> Bankruptcy Rule 3001 requires that a proof of claim: (1) be in writing; (2) make demand on the debtor's estate; (3) express the intent to hold the debtor liable for the debt; (4) be properly filed; and (5) be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim. When a claim is based on a writing, a copy of the writing shall be filed with the proof of claim, and if the documents are not available, the creditor must attach a statement that explains their unavailability. A "properly filed" proof of claim, as proscribed by the Judicial Conference in Official Form 10, consists of "(1) a creditor's name and address, (2) basis for claim, (3) date debt incurred, (4) amount of claim, (5) classification of claim, and (6) supporting documents." Where the documents are voluminous, the creditor is to attach a summary of the documents, and if the claim

---

[5] Four of the cases were assigned to the undersigned, three of the cases were assigned to the Hon. Steven A. Felsenthal (ret.), and one of the cases was assigned to the Hon. Harlin D. Hale. All three of the judges signed the *N.D. Armstrong* decision.

[6] All references to a "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

> includes prepetition interest or other charges such as attorney's fees, a statement giving a detailed breakdown of the elements of the claim is required.

*Armstrong*, 320 B.R. at 104 (internal citations omitted). The court also noted that a claim based on a credit card agreement is a claim "based on a writing" within the meaning of Bankruptcy Rule 3001. The court held that if a credit card creditor files a proof of claim meeting the standards of Bankruptcy Rule 3001 and Official Form 10, then the claim is *prima facie* valid. At that point, the *N.D. Armstrong* court held that the burden of going forward with the evidence then shifts to the objectant to produce evidence at least equal in probative force to that offered by the claimant. If the objectant does so, then the ultimate burden of persuasion shifts back to the claimant to establish the amount and validity of its claim by a preponderance of the evidence. *Id.* at 104.

The *N.D. Armstrong* court next considered whether a claim which does not meet this evidentiary standard must be disallowed. The court held that a "lack of supporting documentation does not, in and of itself, result in a claim's disallowance; rather, it strips it of any *prima facie* validity, requiring the creditor to offer the supporting documentation to carry its burden of proof in the face of an objection. However, the court also held that while automatic disallowance is not the result of an insufficiently-supported proof of claim, the claimant must produce at least sufficient information to determine the basis and accuracy of the claim. The court held that a failure to provide sufficient documentation or information to determine the basis or accuracy of the proof of claim will result in the stripping from the proof of claim its *prima facie* validity.

With respect to the second issue identified above, the *N.D. Armstrong* court held that when a claim transferee files a proof of claim, it must attach a signed copy of the assignment and sufficient information to identify the original credit card account, in addition to a statement containing the debtor's name, account number, the pre-petition account balance, interest rate, and

a breakdown of interest, finance charges, and fees.   If the claimant does not do so, the claim is stripped of its *prima facie* validity but will not be disallowed.   *Id.* at 106.

With respect to the third issue identified above, the *N.D. Armstrong* court held that a debtor acts in good faith in proposing a plan of reorganization notwithstanding the fact that the debtor objects to proofs of claim that lack the requisite documentation.   According to the court, the consequence is that the proof of claim may be disallowed if a creditor fails to respond to the objection.   *Id.* at 108.    If the creditor supplies the documents in response to the objection, then "the court would expect the debtor to withdraw his or her objection."   *Id.*   The *N.D. Armstrong* court noted that a debtor's over-reliance on non-substantive objections to claim could be evidence of an abuse of the bankruptcy process, such that the court would assess the totality of the circumstances to determine whether there is an abuse such that the plan should not be confirmed.

Subsequent to the *N.D. Armstrong* decision, this court decided *In re Rochester,* Case No. 03-32184-BJH-13, 2005 WL 3670877 (Bankr. N.D. Tex. May 24, 2005).   Before the court in *Rochester* were the debtors' objections to the claims of eCast Settlment Corporation ("eCast"), which was the transferee/assignee of several proofs of claim.   The issue before the court was whether eCast's documentation of the assignments to eCast was sufficient to afford eCast's proofs of claim *prima facie* validity.   With respect to certain proofs of claim, the court concluded it was not, and that "unless eCAST can come forward with additional evidence to support its right to assert the . . . claim" the debtors' objection would be sustained.   Thus, the *Rochester* court directly and expressly held that a proof of claim could be disallowed for lack of sufficient documentation.

In light of this lengthy procedural backdrop, the court will analyze the propriety of the Debtors' objections to unsecured claims.

### III.    FACTUAL BACKGROUND OF THE BRUNSON CASE

The Debtors filed a voluntary petition for relief under Chapter 13 on April 25, 2011, and filed their schedules on that same date.   Schedule D listed several secured creditors, whose claims are secured by real estate and vehicles, but the Debtors appear to have been current on those debts on the petition date as there are no arrears proposed to be paid through their plan of reorganization (the "Plan") and no motions for relief from the automatic stay have been filed.   Schedule E lists one priority creditor – the Debtors' attorney -- whose fee is proposed to be paid through the Plan. Schedule F listed twenty-six unsecured creditors who were owed a debt.[7] Six additional creditors were listed as "notice only."   None of the debts on Schedule F were characterized as contingent, unliquidated, or disputed; in other words, the debts are listed as non-contingent, liquidated, and undisputed.   The result of all of this is that the only debts being provided for by the Plan are (1) the debt owed to the Debtors' attorney, and (2) the $114,243.92 in scheduled unsecured debt – *all* of it owed on credit cards.   The deadline for the filing of proofs of claim was fixed at August 31, 2011.

Creditors filed twenty-eight proofs of claim; four of which asserted secured status,[8] leaving twenty-four unsecured proofs of claim totaling $118,199.20.   As relevant here, on October 12, 2012, the Debtors objected to twenty of them, constituting objections to $110,989.65 in filed unsecured claims.[9]   In other words, the Debtors objected to approximately 94% of the dollar amount of filed, unsecured claims.   Every objection seeks disallowance on the ground that

---

[7] Technically, Schedule F only lists 20 creditors who were owed a debt.   Several creditors were owed more than one debt, and each is listed separately.   Therefore, Schedule F lists 26 debts owed to 20 creditors.

[8] Two of the objections to claims were directed to the secured claims of Dallas County and Kaufman County.   These two claims had been withdrawn nearly a month earlier, on September 18, 2012.   *See* Docket Nos. 44 and 45. Nevertheless, the court notes that the Trustee has submitted proposed orders indicating that the claims are "withdrawn so should be disallowed."   While a technical point, the court disagrees with this characterization and directs the Trustee to submit orders denying the claims objections as moot.

[9]   The Debtors did not object to Claim Nos. 4 and 28, both filed by GE Money Bank, to Claim No. 1 filed by First National Bank of Omaha, or to Claim No. 20 filed by State Farm Bank.

"Claimant has not attached documents sufficient to establish a prima facie claim." *See* Docket Nos. 46-67. The Debtors also included a request that the claims "be fully itemized by creditor by filing an amended proof of claim." *Id*. None of the claim objections attach an affidavit by the Debtors or any other evidence.

Two creditors, Back Bowl I, LLC and Dell Financial Services, filed amended proofs of claim, and the Debtors thereafter withdrew their objections. *See* Docket Nos. 70-71.[10] One creditor that had filed three proofs of claim, eCAST Settlement Corporation, filed a response to the Debtors' claim objections, following which the Debtors withdrew their objections.[11] *See* Docket Nos. 69, 72, and 73. Therefore, after the Debtors' withdrawal of these five objections, fifteen objections to claim remain for the court's disposition. As to each of those fifteen, they all appear to be claims for debt incurred through the use of a "charge account" or credit card.[12] As such, they are based upon written account agreements. None of the filed proofs of claim attach the written account agreement; instead, each contains a one-page summary of accounts. The summaries differ in format in minor ways.

With respect to these fifteen objections to claim, the court reiterates that none of the claimants' debts were listed on Schedule F as disputed. In addition, in almost every case, the last four digits of the account number set forth on the proof of claim is identical to the last four digits of

---

[10] The court notes that as to Claim No. 3, the Trustee has nevertheless submitted an order sustaining the Debtors' withdrawn claim objection. That order will not be signed. The Trustee has not submitted an order with respect to the objection to the proof of claim filed by Back Bowl I, LLC.

[11] The court notes that despite the Debtors' withdrawal of the claims objections, the Trustee has submitted an order sustaining those objections. These orders will not be signed.

[12] Interestingly, this case appears to have been filed to deal solely with unmanageable credit card debt. As noted previously, none of the amounts owed to secured creditors appear to be in arrears, and the only priority claim is that of the Debtors' attorney for fees in connection with this case.

the account number set forth on the Debtors' Schedule F.[13]   The amounts listed in the filed claims are, on average, only about $300 higher than the amounts set forth on Schedule F.

Pursuant to 11 U.S.C. § 102 (defining the phrase "notice and a hearing"), Bankruptcy Rule 3007 and Rule 9007-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), the Debtors served their claims objections with a notice stating that a pre-hearing conference would be held at the Trustee's office.   The notice further provided that any responses to the claim objections not resolved or defaulted at the pre-hearing conference would be heard by the court.   It further notified the claimants that upon their failure to file a written response and failure to attend the pre-hearing conference and court hearing, judgment by default shall be entered.   As a result of the procedure chosen by the Debtors, the court has not held an actual hearing on the claim objections that remain for disposition and what is before the court is the Debtors' request that the court enter default orders sustaining their remaining claim objections.

## IV.    GOVERNING LAW AND LEGAL ANALYSIS

The filing of an objection to a proof of claim initiates a contested matter under the Bankruptcy Rules.   *In re Taylor,* 132 F.3d 256 (5th Cir. 1998).   Accordingly, Bankruptcy Rule 7055, which incorporates Rule 55 of the Federal Rules of Civil Procedure, applies in this context.   Fed. R. Bankr. P. 9014(c).   Under Bankruptcy Rule 7055, the entry of a default judgment is not automatic.   *In re Fuentes*, 474 B.R. 497 (Bankr. S.D. Tex. 2012).   There is no entitlement to a default judgment as a matter of right; a default judgment is committed to the court's discretion.

---

[13] Claim No. 15 lists the last four digits of the Debtors' account number as "0008" but Schedule F lists the account number as "5008."   Similarly, Claim No. 21 lists the last four digits of the Debtors' account number as "1890" but Schedule F lists the account number as "8901." The other thirteen match identically.

**Memorandum Opinion and Order**                                                                                    **13**

*RMC Publications, Inc. v. Doulos PM Traning* No. 3:07-cv-2139-O, 2010 WL 742575 at *3 (N.D. Tex. Mar. 3, 2010).   In considering whether a default judgment is warranted, the court looks to several factors:

> (1) if the default was caused by a good faith mistake or excusable neglect; (2) if there has been substantial prejudice; (3) the harshness of a default; (4) if there are material issues of fact; (5) if grounds for a default judgment are clearly established; and (6) if the court would think it was obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998) (holding that a district court did not commit an abuse of discretion when denying a motion for default judgment when the factors on balance weighed against granting the motion).

*Id.*

 Therefore, this court is not obligated to enter a default judgment disallowing the claims simply because there has been no response filed by the creditor.   The court must instead "satisfy itself that the Debtors have stated a legally sufficient ground for claim disallowance."   *In re Reynolds,* 470 B.R. 138, 142 (Bankr. D. Colo. 2012).   For the reasons set forth below, the court concludes that the Debtors have not stated a legally sufficient ground for claim disallowance.   Therefore, this court will not enter default orders disallowing the claims.   Rather, the claim objections will be overruled without prejudice to the filing of legally sufficient claim objections unless some other order has been entered or some other deadline has passed in the case preventing such a filing.

 The standard for allowance and the grounds for disallowance of a proof of a claim are set forth in § 502 of the Bankruptcy Code.   Section 502(a) provides, in relevant part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."   11 U.S.C. § 502(a).   Section 502(b) then enumerates nine exceptions to allowance.

 Arguably adding a gloss to § 502 is Bankruptcy Rule 3001.   At the time this case was

**Memorandum Opinion and Order**                                                                                    **14**

filed,[14] Bankruptcy Rule 3001(c) provided:

> When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Bankruptcy Rule 3001(c). The rule further provided that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Bankruptcy Rule 3001(f). As a consequence of these provisions, bankruptcy debtors, including the ones before the court today, frequently argue that a proof of claim must be disallowed under § 502 when the claimant fails to attach to the proof of claim the documentation required by Bankruptcy Rule 3001. Failure to attach documentation to a proof of claim, however, is *not* one of the explicit grounds set forth in § 502(b) for the disallowance of a claim.

The interplay between § 502 and Bankruptcy Rule 3001 has led to divergent judicial views. Initially, courts almost uniformly agree that the failure to attach documentation sufficient under Bankruptcy Rule 3001 will strip the claim of its *prima facie* validity under Bankruptcy Rule 3001(f), but will not result in automatic disallowance. But thereafter the courts diverge. What has been described as the "clear majority" view, *see In re Pursley,* 451 B.R. 213, 227 (Bankr. M.D. Ga. 2011); *see also* R. Adam Swick, *Filing a Proof of Claim: A Simple Procedure or a Complicated Mess?* 28 Aug. Am. Bankr. Inst. J. 22 (2009), has been termed the "exclusive view." Under this approach, § 502 sets forth the exclusive grounds for disallowance of a claim, and failure to file documentation is not among them. Therefore, the debtor must assert a substantive basis for disallowance expressly stated in § 502 and come forward with some evidence to disallow the claim

---

[14] Bankruptcy Rule 3001 was altered by an amendment to the rule which took effect on December 1, 2011. The relevant changes to the rule will be discussed in depth later in this Memorandum Opinion and Order. *See infra* at pp. 16-19.

for that reason.   If the debtor does not, then an objection to a claim based solely on the claimant's failure to attach the documents required by Bankruptcy Rule 3001 must be overruled.   *See, e.g., In re Johnson,* No. 12-02072, 2012 WL 5430952 (Bankr. D. Idaho Nov. 7, 2012); *In re Rehman,* 479 B.R. 238 (Bankr. D. Mass. 2012); *In re Reynolds*, 470 B.R. 138 (Bankr. D. Colo. 2012); *In re Davis,* No. 09-42865, 2011 WL 1302222 (Bankr. E.D. Tex. Mar. 31, 2011).   Under the minority view, the failure to attach sufficient documentation to a claim can result in disallowance if, after an objection, a creditor does not prove its claim by a preponderance of the evidence.   *See, e.g., In re Lytell,* No. 11-2473, 2012 WL 253111 (E.D. La. Jan. 26, 2012); *In re Gulley*, 400 B.R. 529 (Bankr. N.D. Tex. 2009); *In re Armstrong*, 320 B.R. 97 (Bankr. N.D. Tex. 2005).

This judicial disagreement may soon be over in light of a fairly recent amendment to Bankruptcy Rule 3001.   On December 1, 2011, amendments to the Federal Rules of Bankruptcy Procedure took effect.   As amended, Bankruptcy Rule 3001 now provides, in relevant part:

(a) Form and Content.   A proof of claim is a written statement setting forth a creditor's claim.   A proof of claim shall conform substantially to the appropriate Official Form.

* * *

(c) Supporting Information

(1) Claim Based on a Writing. When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

(2) *Additional Requirements in an Individual Debtor Case: Sanctions for Failure to Comply.* In a case in which the debtor is an individual:

(A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an

itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

\* \* \*

(D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:

> (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

> (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Bankruptcy Rule 3001(c). The 2011 amendments to Bankruptcy Rule 3001 added subdivision (c)(2)(D), which explicitly provides for remedies when a claimant fails to provide any of the information required by the rule. Of significance, disallowance of the claim is not a remedy provided by the amended rule. Moreover, the Advisory Committee Note states that

Failure to provide the required information does not itself constitute a ground for disallowance of a claim. But when an objection to the allowance of a claim is made or other litigation arises concerning the status or treatment of a claim, if the holder of that claim has not complied with the requirements of this subdivision, the court may preclude it from presenting as evidence any of the omitted information, unless the failure to comply with this subdivision was substantially justified or harmless.

Bankruptcy Rule 3001(c)(2)(D), together with the Advisory Committee Note shedding light on its meaning, should end the debate. However, as relevant here, the question is how the amended rule affects the present case.

**Memorandum Opinion and Order**                                                              **17**

Generally, "unless a contrary congressional intent is shown, *statutes* are generally applied prospectively only and not retroactively . . . ." *In re Reynolds,* 470 B.R. 138, 143 (Bankr. D. Colo. 2012). Changes in procedural rules, however, "may often be applied in suits arising before their enactment without raising concerns about retroactivity." *Id.; see also In re Reynolds*, No. 11-30984 HRT, 2012 WL 3133489 (Bankr. D. Colo. July 31, 2012 (stating that "[b]ecause a claim objection is a discrete matter within the bankruptcy case, the fact that the rule was revised after the bankruptcy case itself was filed does not present retroactivity concerns where the objection . . . was filed after the effective date of the revised rule"). Moreover, the order of the United States Supreme Court implementing the December 1, 2011 amendments provided that the amended rules would apply in cases filed after that date, and may be applied to cases already pending on that date "insofar as just and practicable." *See* www.supremecourt.gov/orders/courtorders/frbk11.pdf.

As noted previously, the Debtors' case was filed on April 25, 2011 and so this court must decide whether it is "just and practicable" to apply Bankruptcy Rule 3001(c)(2)(D) here. The court concludes that it is.

Notably, both the version of Bankruptcy Rule 3001 in effect when this case was filed and the version in effect when these claim objections were filed provide that a creditor must attach, when the claim is based on a writing, the original or duplicate of the writing. That requirement is not new. As noted previously, however, the 2011 amendment added subdivisions (c)(2)(A)-(D). Those subdivisions did two things: first, subdivisions (c)(2)(A)-(C) set forth additional documentation requirements for a creditor filing a proof of claim in an individual debtor case. Second, subdivision (c)(2)(D) explicitly provided remedies for a creditor's failure to comply with the rule's documentation requirements, new or old.

**Memorandum Opinion and Order**                                                                    **18**

The court concludes, on closer examination, that none of these "new" provisions are really new at all. Rather, a debtor always had available to it the ability to obtain the information required by subdivisions (c)(2)(A)-(C). And the court always had the ability to provide appropriate remedies for the creditor's failure to provide the information. Further explanation is required.

The filing of an objection to claim creates a "contested matter" under Bankruptcy Rule 9014. *In re Taylor*, 132 F.3d 256, 260 (5th Cir.,1998). The provisions for formal litigation discovery apply in a contested matter, unless the court directs otherwise. *See* Bankruptcy Rule 9014(c). Therefore, a debtor seeking more information from a creditor respecting its proof of claim may take depositions orally or by written questions, serve interrogatories, requests for production, and requests for admission. A debtor clearly has, and has always had, the ability to get all of the information now required by subdivisions (c)(2)(A)–(C). If the creditor refuses to respond, the debtor has, and has always had, the ability to file a motion to compel, and to seek sanctions, including reasonable expenses and attorneys' fees as set forth in subdivision (c)(2)(D)(ii), and the ability to preclude the presentation of evidence as set forth in subdivision (c)(2)(D)(i). *See* Bankruptcy Rule 7037. Accordingly, the "new" provisions of Bankruptcy Rule 3001(c)(2)(D) are not new at all – rather, they simply streamline the process already provided for in the applicable federal rules. That is hardly surprising because Bankruptcy Rule 3001 is a rule of *procedure*, not *substance*, and helps to secure the "just, speedy and inexpensive determination of every case and proceeding." *See* Bankruptcy Rule 1001. Bankruptcy Rule 3001(c)(2)(D) therefore simply streamlines what would otherwise be a more cumbersome and expensive process, and clarifies the rule by explicitly setting forth what was always true anyway.

Similarly, the Advisory Committee Note accompanying the 2011 amendment sheds light on what was meant by Bankruptcy Rule 3001 all along.   The 2011 amendment was promulgated in the midst of judicial debate respecting its meaning and yet it fails to include disallowance of a claim as one of the remedies available when a creditor attaches insufficient documentation to its proof of claim.   Thus, the 2011 amendment appears to strongly support the so-called "exclusive" view of § 502.

With this background, it is necessary to re-examine this court's *dictum* in the *N.D. Armstrong* decision, which clearly left debtors in this district with the impression that an objection to a proof of claim based solely upon insufficient documentation was an objection that could be sustained if the creditor failed to respond.   The court now concludes otherwise, for several reasons.

First, the law has developed further since this court issued the *N.D. Armstrong* decision. This court's view in the *N.D. Armstrong* case is now firmly the minority view.   *See supra* at p. 15.

Second, the discussion in the *N.D. Armstrong* decision regarding disallowance of a proof of claim for insufficient documentation represented *dictum* in the decision, as the issue before the court was entirely different than a direct attack on a proof of claim for insufficient documentation. As noted previously, the *N.D. Armstrong* decision arose in the context of a trustee's challenge to the debtors' good faith in proposing a plan while also filing blanket claims objections based on insufficient documentation.   The *N.D. Armstrong* court held that the debtors before it had acted in good faith.[15]

Third, a plain reading of § 502 establishes that insufficient documentation is not a basis for

---

[15]The court concludes that its holding in *Rochester,* which expressly held what the *N.D. Armstrong* court only implied, should be overruled.   *See supra* at p. 10.

**Memorandum Opinion and Order**                                                                                          **20**

disallowance of a proof of claim. "Insufficient documentation" is conspicuously absent from the laundry list of grounds supporting disallowance of a filed claim. *See* 11 U.S.C. § 502. Neither the Federal Rules of Bankruptcy Procedure nor the Official Forms provide that a claim may be disallowed for failure to attach sufficient documentation, and even if they did, it is well-established that the rules cannot "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Therefore, the Federal Rules of Bankruptcy Procedure may not contravene substantive rights contained in the Bankruptcy Code. *In re Padilla*, 379 B.R. 643 (Bankr. S.D. Tex. 2007).

Fourth, the Advisory Committee Note to the 2011 amendment to Bankruptcy Rule 3001 sheds light on the rule makers' intent with respect to the effect of insufficient documentation on a proof of claim that was not available at the time of the *N.D. Armstrong* decision.

Fifth, a contrary rule would undermine the integrity of the system, permitting debtors to invoke technical grounds to defeat claims that they otherwise admit are undisputed. Because the Debtors here scheduled each of these creditors as holding undisputed claims, there is cause for heightened concern. *In re Pursley*, 451 B.R. 213 (Bankr. M.D. Ga. 2011).

Sixth, the claims resolution process is:

designed to achieve the fair and inexpensive resolution of claims objections through a summary procedure that mirrors, but does not slavishly conform to, the formalities of conventional civil litigation. To accomplish this purpose, courts must be practical and flexible, not rigid, in the application of the rules of court, and strike a balance between the interest of the claimant in setting forth its claim without undue burden or expense and the interest of the debtor or trustee in obtaining sufficient information to permit evaluation [of] the claim's validity without [undue] burden or expense.

*Id.* at 227 (internal citations omitted) (*quoting In re Sacko*, 399 B.R. 90, 99 (Bankr. E.D. Pa. 2008)).

For all of these reasons, the undersigned judge, upon re-examining the *N.D. Armstrong*

decision, concludes that to the extent it differs from the view expressed here, it will no longer be followed.

## V. CONCLUSION

For the reasons stated in this Memorandum Opinion and Order, the Debtors' claim objections are overruled without prejudice to the filing of legally sufficient claim objections unless some other order has been entered or some other deadline has passed preventing such a filing. This court adheres to the majority view that a proof of claim may not be disallowed where the sole basis of objection is the creditor's failure to attach sufficient documentation under Bankruptcy Rule 3001.   To the extent the *N.D. Armstrong* decision may be read to permit such an objection, it will no longer be followed and this court's subsequent decision in *In re Rochester*, No. 03-32184-BJH-13, 2005 WL 3670877 (Bankr. N.D. Tex. May 24, 2005) is hereby overruled.

**SO ORDERED.**

# # # END OF MEMORANDUM OPINION AND ORDER # # #